ESTATE OF RAMÍREZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of Caguas.

No. 51.—Decided April 29, 1910.

RECORD OF CANCELLATION OF MORTGAGE—CAPACITY OF HEIRS TO CANCEL MORTGAGE RECORDED IN NAME OF PREDECESSOR IN INTEREST—PRESENTATION OF DOCUMENTS SHOWING SUCH CAPACITY—RECORDS ALREADY APPEARING IN THE REGISTRY.—Where a document is presented at the registry for record, the registrar is not bound to make an examination of all of his files to ascertain whether or not the parties executing the same are authorized so to do as heirs of the person who appears from the books of the registry as the last owner of the property affected by the instrument. The necessary authority must appear from the document itself which it is sought to record or in others attached thereto.

ID.—PRESENTATION OF NECESSARY DOCUMENTS TO SHOW CAPACITY OF PARTY.—
In accordance with the foregoing doctrine, in· this case the notary before
whom the deed of cancellation of mortgage sought to be recorded was exe-
cuted and who had the will and the death certificate showing all the necessary
facts to enable him to pass upon the capacity of the executing parties before
him, should have set out in the deed of cancellation or attached thereto or
have made reference in due form to the records appearing in the registry,
and because of his failure so to do the decision appealed from must be
affirmed.

The facts are stated in the opinion.

Mr. Rafael Arce for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The persons representing the Estate of Don Manuel Ramí-
rez Rivera take this appeal from an order of the Registrar of
Property of Caguas, refusing to register a certain document,
being a cancellation of a mortgage, which said estate pre-
sented to have registered in February last.

The registrar of Caguas assigns in substance, as his rea-
sons for refusing to register the document, the following:

Because the mortgage sought to be canceled is recorded
in favor of Don Jaime Vilá Canals, and it appears from said
document that the cancellation is executed by Da. Luisa San-
tana López, surviving wife of Don Jaime Vilá Canals, and by
the latter's heirs, Da. Rosa, Da. Angela, Don Gerardo, Don
Jaime, Don Luis and Don Delfín Vilá y Santana; and said
mortgage debt does not appear to be recorded in favor of the
makers; and although in conformity with sections 20 and 82
of the Mortgage Law it is not required that the interest to be
canceled should be recorded in favor of the persons executing
the cancellation, if it is recorded in favor of the legal repre-
sentative it is indispensable in such a case, at least, to prove,
by means of trustworthy documents, the right which the
makers have to execute the cancellation; and although the
notary authorizing said deed of cancellation, Don Rafael Arce
Rollet, asserts that he had before him the last will and testa-
ment of Don Jaime Vilá Canals, said testament had not been
attached to said deed, and for this reason it cannot be known

whether the said makers of the deed of cancellation were empowered to execute said cancellation; besides, it is not possible either to judge of the capacity of the said makers to act as heirs of Don Jaime Vilá Canals, having accessible only the last will and testament of the latter, without the death certificate of said testator. Accordingly the registrar, on February 24, refused registration of the document and made the cautionary notice, as he states, for 120 days on folio 108 of volume 5 of San Lorenzo, property No. 257, annotation letter A.

As authority for his action the registrar cites the orders of the General Directorate of Registries, dated December 11, 1876; November 11, 1880; August 29, 1883; April 15, 1884; March 15, 1887; and October 24, 1899.

The appellants allege to support their appeal and to show erroneous action on the part of the registrar the existence of the following facts:

That Don Jaime Vilá Canals died in Hato Grande, now called San Lorenzo, P. R., on April 8, 1898. That he previously executed an open, ordinary will, on November 11, 1897, before the notary, Don José Abelardo Cajas y Machado, constituting as his heirs his children, Don Gerardo, Don Delfín, Da. Rosa, Da. Angela, Don Jaime and Don Luis Vilá Santana, and his wife, Da. Luisa Santana. And further, that both of these facts—that is to say, the execution of the testament and the death of the testator—have appeared on record, in the Registry of Property of Caguas since August 25, 1900, by virtue of the record of the property of the ancestor, made by the registrar, Severo Abella Bastón, in favor of the Estate of Vilá Santana. And further, that amongst the properties of the estate of Vilá Canals, there was a mortgage debt for the sum of 706 *pesos,* executed by Don Manuel Ramírez Rivera in favor of the testator, on a rural estate of 45.29 acres, situate in the ward of Quebrada, in San Lorenzo, the same being a property right on land which was canceled by the heirs of Don Jaime Vilá Canals (they being

the same persons mentioned in the latter's testament), by deed executed before the notary Rafael Arce Rollet, on September 29, 1909, which deed is the one presented for registration; and is shown to be a deed in which the notary authorizing the same, states that the heirs of Vilá Canals proved themselves to be said heirs by means of the exhibition to him of said last will and testament.

The deed of cancellation having been presented in the registry of property of the district, the registrar refused to record the same, not on account of irremediable defects, but because the mortgage was recorded in favor of Don Jaime Vilá Canals, and the deed of cancellation was executed by his heirs; because, notwithstanding the fact that he had before him the testament, the notary did not attach it to the deed of cancellation, an omission which prevented the registrar from considering whether or not the makers of the deed of cancellation were empowered to execute said cancellation, and because he could not judge of the capacity of the said grantors to act as heirs of Don Jaime Vilá Canals, having before him only the latter's testament, without the certificate of the death of the said testator.

The appellants claim that the representatives of the estate of Don Jaime Vilá Canals had proved both their right to the inheritance and the death of the principal in estate several years before the execution of the deed of cancellation, by means of the evidence constituted by the last will and testament and the record of the death certificate of Mr. Vilá Canals, these being included in documents previously considered and passed on by the registrar.

The appellants further claim that there is no necessity of a new exhibition of the testament for the purpose of considering the capacity of the heirs of Vilá Santana to execute the deed of cancellation, nor is there any necessity of presenting in the registry of property another certificate of the death of Don Jaime Vilá Canals, because now, after the death of Vilá Canals, the registrar could not even have the doubt that the

testament might possibly have been annulled, still less would it appear possible that there could exist another record of said death different from that which he has on record in his files. And finally, they claim that the estate of Vilá Santana proved in the registry their right to the inheritance previous to the execution of the deed of cancellation of the mortgage; and that this is sufficient to show the error of the ruling refusing the record made by the Registrar of Property of Caguas.

Before presenting this appeal, the representative of the heirs of Vilá Santana applied to the Registrar of Property of Caguas for a certified copy of the registration made concerning a rural estate of 770 acres called the "Hacienda Felicidad," from which it appears that the husband and father of the representatives of the estate of Vilá Canals had died, and by his last will and testament had constituted them his heirs. This document was requested on March 9, 1910, and furnished on the 14th of the same month, after the ruling made by the registrar of property, which bears date February 24 last. There can be no doubt that there existed in the records of the Registry of Property in Caguas, at the time of the ruling from which this appeal is taken, evidence of the fact that Vilá Canals had constituted the appellants his heirs, and died subsequently.

But the registrar, when a document is presented for registration, is not required to search through his records to ascertain whether or not the makers thereof are authorized to execute the same as heirs of the person appearing from the records to have been the last owner of the property affected by the document. All necessary authority should appear from the document itself which is sought to be registered or from others thereto attached. The notary, before whom the deed of cancellation sought to be recorded was executed, and who had before him the will and the death certificate, showing the facts that were necessary to enable him to certify to the capacity of the parties executing the said deed of cancellation,

should have embodied the aforesaid documents in the deed referred to or attached them to the same, or else have made proper reference to the documents which were already on file in the registry. As he had failed to do this, the registrar of property was right in demanding that the aforementioned documents be presented to him, before making the registration sought. See sections 18 and 100 of the Mortgage Law, the correlative sections of the Regulations, and the comments of Galindo, especially volume 2, page 183.

For the reasons stated, the ruling of the registrar is affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.